## HENRY BECKMANN v. HERMANN BORMANN.

Where a tenant represents that he is the owner of, and sells to a sub-tenant, as personal property, articles upon the demised premises which are a part of the freehold and to which he has no title except as tenant, the purchaser may recover damages arising from the failure of the vendor's title.

*So held,* where the property forming the subject of such representation and sale, was a kitchen and chimney connected with the main building upon the premises.

The subsequent destruction of the property, during the demised term, by a removal for public purposes, or the forfeiture of the lease to the original landlord, may affect the quantum of damages, but does not defeat the vendee's right of action.

IN April, 1851, the defendant was in possession of the premises, No. 36 Stone street, in the city of New York, under an assignment to him of the unexpired term of a lease, originally granted to one Kothe, for five years, from May, 1848. The lease contained a covenant of reëntry, in the event of default in the payment of the rent, and a provision that all alterations, when made, should be deemed fixtures and a part of the freehold.

Before the premises passed to the defendant as above mentioned, the original lessee, Kothe, erected a small kitchen upon the lot and connecting with the main building, and also constructed a chimney from the kitchen, and fixed therein a permanent stove or range.

By a lease, in the ordinary form and containing no reference to the original lease, and mentioning no consideration except the usual reservation of rent, the defendant let the premises to the plaintiff for two years from the first of May, 1851, reserving the yearly rent of three hundred and twenty-five dollars, the plaintiff to pay any assessments for the Croton water. The yearly amount of rent reserved was the same as in the original lease.

Upon the back of this lease to the plaintiff, the defendant signed the following writing :

" I am the owner of the kitchen and chimney in the within

described premises, and have this day sold the same to said' Henry Beckmann, for two hundred and ninety five dollars, and received of him said sum.  April 1, 1851."

Nothing was said in the lease respecting the property described in this endorsement, nor in relation to any stock or fixtures.

Early in the spring of 1852, the kitchen and chimney were undermined and thrown down, in the building of a sewer by the municipal authorities. The plaintiff, thereupon, as he alleged, having sought compensation from the original landlord, learned for the first time that he had acquired no title in the kitchen and chimney by his purchase from the defendant.

In March, 1853, the original lessor entered upon the demised premises for default of the payment of the rent, and in May of the same year executed a lease to a new tenant, who immediately erected new buildings upon the land.

The complaint in this action was filed on the third of April, 1852, averring the defendant's representation of ownership and the sale to the plaintiff for $295, and claiming judgment for that sum, upon the ground that the defendant was not, as represented, the owner of the property in question.

The answer alleged, that on the first of April, 1851, the defendant was the owner of, and sold to the plaintiff, the stock of groceries and liquors, and the fixtures, of the grocery store, No. 36 Stone street, and all the right, title, and interest of the defendant therein, for $295. That at the time of the sale the plaintiff understood that the defendant sold to him only the stock, and the right of possession in the premises, including the kitchen and chimney, for the unexpired term of the defendant's lease, and his right, title, and interest in the kitchen and chimney, whatever the same might be, and that the original cost of the kitchen and chimney was only about $25.

The cause was referred for trial to Hon. MICHAEL ULSHOEFFER, as sole referee.

Parol evidence was allowed in explanation of the written endorsement above set forth, and testimony was given to the effect that it was intended to embrace not only the kitchen and

chimney, but also the defendant's stock in store and fixtures, and the good will or value of the lease as held by him. Proofs were taken as to the value of the respective items above enumerated.

A receipt was produced, signed by the defendant, upon a separate piece of paper, dated March 31, 1851, stating that he, the defendant, had "sold the store, lease, and fixtures, and all that belonged to him at No. 36 Stone street, to Beckmann, for $295."

The defendant having waived any question upon the form of the demand for judgment made in the complaint, the referee found for the plaintiff in the amount of the value of the kitchen, chimney, and range, estimated upon the evidence adduced in respect to their original cost, their relative value in reference to the lease, stock, etc., in view of the total sum ($295) paid by the plaintiff, and other considerations. Interest was allowed from April 1, 1852.

The plaintiff entered a judgment upon the report, and the defendant appealed to the general term.

The following is the opinion of the referee, omitting a preliminary statement of conclusions of fact :

"As matter of law, I conclude that where two or more written instruments are made and signed at the same time, they may be considered together, or looked at with a view to explain each other. I also find that the law allows ambiguities in written instruments to be explained by parol proof, but written instruments cannot otherwise be contradicted by parol evidence. I, however, consider the defendant's endorsement on the lease of April 1st, 1851, as a receipt for the money, stating for what it was received. My first impressions were that this was legally the contract, not subject to explanation or contradiction. But upon further consideration, my opinion is, that under the rules of evidence it was competent to show any mistake in such a money receipt, or to show for what consideration it was in fact given.

"I find that the receipt was in fact given for the store, kitchen, chimney, fixtures, and lease. The defendant's receipt

to plaintiff, of March 31st, 1851, shows also that the $295 included the store, lease, and fixtures.

" By law, the kitchen and chimney belonged to the original lessor, as well as by the terms of the lease to Kothe, and therefore the said improvements did not belong to the defendant when he sold them to the plaintiff. But the plaintiff held them until the same were mostly destroyed; when, after first claiming of the original lessor, as before stated, the plaintiff concluded to seek remuneration from the defendant, and suffered the original lessor to reënter, as already mentioned. Under the facts, I think, the breach of the defendant's agreement for the sale to the plaintiff of the kitchen and chimney occurred as soon as he signed the receipt, because the defendant did not own the fixtures or improvements, but they belonged to the original lessor as soon as they were made by the express terms of the lease to Kothe.

"The question is then raised whether the action for the consideration money for a fixture can be maintained, as for the breach of agreement of sale, before the termination of the lease?

" My conclusion is, that if the fixtures are destroyed, and in seeking a remedy the plaintiff discovered that the original landlord owned them, and not the defendant who sold them, he would immediately proceed by action for the breach. I do not think that the destruction of the kitchen and chimney during the term precludes the plaintiff's right of action; the destruction makes no difference, if caused without the plaintiff's participation and consent, and if the defendant had no right when he sold to the plaintiff, and the possession for a time by the plaintiff, does not avail to defeat the plaintiff's action, or to justify the defendant in selling that which he has no title to convey.

" I likewise conclude, that the reëntry by the original landlord, after the kitchen and chimney were destroyed, could not protect the defendant from indemnifying the plaintiff for selling to him that which the defendant did not own. The plaintiff could not look to the original landlord for remuneration, but

may resort to the defendant who sold without any right or title.

" If a lessee underleases the demised premises for the unexpired term, and receipts for the buildings or fixtures, as paid for by the purchaser to him, the moment it appears that such buildings or fixtures belong to the original landlord by the term of the original lease, an action may be brought to recover back what was paid for such fixtures as did not belong to the vendor.

" It is argued, however, that whoever may have made or erected the fixtures, they became by law part of the freehold, and belonged to the owner of the fee ; but conceding this to be the true rule, does the consequence follow that there was no damage to the plaintiff arising from the want of ownership by the plaintiff ?

" My opinion is, that the defendant has no right to invoke such a principle to excuse his selling and receiving pay for the improvements that belonged to the landlord by the terms of the lease.    That principle may be available between the original landlord and his tenants, but would not protect one tenant who sold to another that which he never owned ; besides, the landlord might allow the buildings or improvements to be removed if no express agreement existed in the lease, giving them to such landlord as soon as made.

" But I cannot resist the conclusion, that in any view, if the tenant wrongfully takes pay for the improvements, he may be compelled to make restitution forthwith on the breach of his undertaking.

" The law is, that when fixtures are removable they must be removed before the end of the term demised.    It seems to me, therefore, that whenever the purchaser finds that he cannot remove the improvements or fixtures because they belong to the original landlord, his right of action accrues before the expiration of the lease.    I do not find that the plaintiff bought only the interest of the defendant in the improvements in question, but that the defendant sold the same as belonging to him, and as having a right to sell.    I do not find that the

plaintiff knew that the defendant did not own such improvements, or knew that they belonged to the original lessor, and the law did not in my opinion cast upon the plaintiff a knowledge of the contents of the original lease, so as to preclude his remedy in this action.

" Having thus concluded that the plaintiff can recover, the question is which sum he is entitled to.

" The defendant's counsel has waived all matters relative to the form of the plaintiff's demand or complaint. The only remaining point therefore is to the amount of the claim.

" I find that the plaintiff gave the defendant $295, as before stated; and from the testimony, I find that the good will of the lease, or value of lease was $145; the fixtures, $35; stock of liquors, etc., $25; stove range, $30 ; chimney, $30; kitchen, $30 ; total, $295.

" For the first three items the plaintiff has no recourse against the defendant. For the last three items or fixtures, I consider the defendant liable under my view of the law and evidence, and with interest from the 1st of April, 1852, and such is my report. The stove range was part of the chimney fixtures." ·

*James Gridley* and *John Anthon*, for the defendant, made and argued the following points :

Case.—I. Plaintiff proceeds and claims under an alleged contract, endorsed on a lease, in which defendant says, 1. I am the owner of a kitchen and chimney on the within described premises. 2. I have sold them to plaintiff for $295.

II. He then proves the character of defendant's ownership by producing—1, The original lease, which provides that all fixtures placed on the premises by the tenant shall, at the end of the term, belong to the landlord. He then proves—2, That the kitchen and chimney were fixtures placed on the premises by the tenant; and 3, That the suit was brought before the end of the term. This forms his case.

III. Defendant proves by three witnesses that there was but one contract, and this was for the sale of the lease, fixtures, and

Beckmann *v.* Bormann.

stock, for $295, and a receipt given for that sum; that the kitchen and chimney was a fixture placed there by the first tenant, and, consequently, belonging to each successive tenant to the end of the term.

IV. That plaintiff paid for the said lease, etc., at defendant's store, and there took said receipt; that the old lease being soiled, he wished a new one, and, for this purpose, called on the chief landlord, told him of the sale of the lease, chimney, and kitchen, and asked him for a new lease; he referred them to his agent, who prepared the instrument produced by plaintiff with the memorandum endorsed.

V. That during the term the chimney and kitchen were totally destroyed, and after this, for non-payment of rent, the plaintiff's lease was forfeited, and he was turned out of possession by his landlord.

VI. That the chimney and kitchen formed a fixture attached to the freehold, and by law, independent of the covenant in the lease, could not be removed at the end of the term.

Law Points.—I. There was in truth but one contract, and that was the one proved by the defendant's witnesses, which was for the sale of lease, fixtures, and stock, for $295. The writing endorsed on the lease is a mere memorandum of a past transaction, probably so written, "fixtures" being omitted in the lease.

II. There was but one payment of $295; this was made at the store, and appears fully from plaintiff's testimony.

III. At the time of the sale of the lease and fixtures, the defendant was the owner of the kitchen and chimney as perfectly and fully as a tenant of leasehold premises could own them.

IV. The character of the ownership, which was the subject matter of the sale, was known to the plaintiff from the title deeds which were leases for a term of years, for which he was bargaining, which admitted of an ownership in the tenant for the term only.

V. This knowledge was also cast upon him by the law. (*Sexas* v. *Wood*, 2 Caines, 48, and case there cited.)

VI. In this view, whether there was but one contract, as we aver, or two, as the plaintiff avers, the result is the same. He bargained for an ownership of a fixture in a tenant, which he knew would end with the term, and could not, from its nature, be removed by him; and, as such, he has enjoyed it.

VII. His interest has been effectually determined in two ways. 1. By the destruction of the fixture during the term. 2. By his forfeiture of the lease.

VIII. The judgment of the referee is at variance with all these rules, and untenable in fact and law.

*C. Bainbridge Smith*, for the plaintiff, made and argued the following points:

I. The defendant having sold to the plaintiff the kitchen in question, which did not belong to him, the cause of action arose when the defendant received the plaintiff's money for it. 1. The covenant in the lease under which the defendant held possession of the premises is, that all alterations and improvements, when made, shall be deemed fixtures, and a part of the freehold. The fixtures were not to belong to the tenant during the term, but at the time the kitchen was erected, it became a part of the freehold, and belonged to the owner of the land. 2. Without an affirmation on the part of the defendant that the kitchen belonged to him, the presumption was, it formed part of the realty. 3. The kitchen was not built by the defendant, and he had no more title to it than he had to the ground on which it was erected, nor does it anywhere appear that he had any reason to believe that he owned it. 4. The contract of sale being in writing, the defendant was estopped from denying his representations therein of title, nor was the word "owner" therein susceptible of the construction that it imported an ownership limited in its duration to two years—the unexpired term which the defendant held the premises at the time he leased them to the plaintiff, as contended for by the defendant's counsel. 5. Independent of the defendant's express affirmation of title to the property in question, he being in possession of it at the time of the sale, was of itself equivalent to a

warranty of his being the owner. Such warranty of title, implied from the possession by the vendor, not only means that he has a right to sell, but that the purchaser will acquire by the sale a title free and clear of all incumbrances, and if it turns out to be defective, the vendor is responsible, although the sale were made in good faith. (*De Freese* v. *Trumper*, 1 J. R. 274; *Dresser* v. *Ainsworth*, 9 Barb. R. 619; Parsons on Contracts, p. 458, note.) 6. If there was no title in the vendor at the time of the sale, an action for money had and received for the price paid, or for damages, as the case might be, is at once maintainable. (*De Freese* v. *Trumper*, 1 J. R. 274; Parsons on Contracts, p. 457-8.)

II. The contract of sale expressly states the sum of $295 to be the amount paid by plaintiff for the kitchen and chimney. This *primâ facie* was the amount the plaintiff was entitled to recover. The onus of proof rested upon the defendant to show what else was received by the plaintiff for this $295, and the value of the same. All that was proved to have entered into and formed the consideration, in addition to what was expressed therein, were the stock and fixtures, the value of which was some $50 or $60. The referee allowed $145 besides, for the lease. The question was not what the kitchen and chimney were worth, but what the plaintiff paid for them. Upon the subject of damages, if the plaintiff was entitled to a recovery at all, the defendant has no reason to complain.

By the Court. Ingraham, First J.—The referee has found that by the terms of the lease, the fixtures, including the chimney, kitchen, and range, were to be a part of the freehold. That the defendant sold them to the plaintiff, with other property, for $295. That he also transferred the premises to the defendant by a lease for two years, and that he at the time signed a paper, in which he declared himself to be the owner of the kitchen and chimney.

During the term, the kitchen and chimney were undermined in digging a sewer, and were thereby destroyed. Subsequently, the original landlord entered and took possession of the premi-

ses for non-payment of rent, and afterwards leased the premises to another person.

The plaintiff claims damages for the want of title of the defendant to the chimney and kitchen, and the referee has awarded $102 60.

The finding of the referee is in accordance with the first point of the appellant, that only $295 were paid for the lease and fixtures together, and he has accordingly allowed damages only for the value of the kitchen, chimney, and range.

In this property the defendant had no interest, except the right to use it for the term of the lease. During that period he had a right to the possession, and to transfer it to another. But he had no title to the property beyond the lease, and when he certified himself to be the owner of the property, and declared that he had sold the same, and received the pay therefor, he became responsible to make good his title thereto.

In such a case, the purchaser is not bound to take notice of the vendor's title. A vendor gives an implied warranty of title in selling personal property, and in this case he went further, because he expressly averred himself to be the owner.

The subsequent destruction of the property by a third person does not relieve the defendant. The right of action accrued when the property was sold, although the cause for bringing the action was not discovered till afterwards. When the property was destroyed, the tenant had a right of action for the injury during the term only, and the original landlord for the damages to the fee, and whether destroyed or not was immaterial to both the parties to this action, except so far as the defendant's term was unexpired.

So, also, the forfeiture of the lease could not relieve the defendant from damages for the breach of his contract previously. Whether any deduction should be made in the damages on account of the destruction of the property, need not be decided, because no such point was made before the referee.

The plaintiff was entitled to recover, and I see no ground on which we can interfere with his report.

Judgment affirmed.